IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID TOLES and JANELLE BARLASS,

                Plaintiffs,

      v.

THE CITY OF JANESVILLE,
OFFICER ROBERT PERKINS and
OFFICER JIMMY HOLFORD,

                Defendants.

ORDER

12-cv-677-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for monetary relief, plaintiffs David Toles and Janelle Barlass contend that defendants Officer Robert Perkins, Officer Jimmy Holford and the City of Janesville violated their constitutional rights by repeatedly harassing them in retaliation for their protected speech and because of Toles's race. Plaintiffs are proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and cannot afford to make an initial partial payment of their filing fee. Because plaintiffs are proceeding under the in forma pauperis statute, I must screen their complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

      After reviewing plaintiffs' complaint, I conclude that plaintiffs have failed to plead enough facts to state a plausible claim for relief under the First or Fourteenth Amendments,

1

as required by Fed. R. Civ. P. 8 and discussed in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). With respect to plaintiffs' retaliation claims, plaintiff Barlass does not explain what adverse actions defendants took against her in retaliation for her protected speech, and plaintiff Toles does not allege facts connecting the adverse actions taken against him to any protected speech. With respect to plaintiff Toles's equal protection claim, Toles has alleged no facts that would allow the court to draw the inference that defendants discriminated against him on the basis of his race. Instead, Toles relies solely on conclusory statements to support his equal protection claim. Additionally, plaintiffs' complaint contains no facts to sustain a claim against defendant City of Janesville on either a retaliation or equal protection theory. Therefore, I am dismissing plaintiffs' complaint. However, I will give plaintiffs an opportunity to file an amended complaint that provides the facts necessary to support their claims.

In their complaint, plaintiffs allege the following facts.

ALLEGATIONS OF FACT

Plaintiffs David Toles and Janelle Barlass live in Janesville, Wisconsin. Toles operates a limo service and has been accused numerous times by the police of being a drug dealer. He has been followed and stopped in his vehicle several times by Janesville police and has been given various citations that were later dismissed.

In 2009, plaintiff Toles spoke on behalf of plaintiff Barlass at a city council meeting. Sometime after that, the City of Janesville police began investigating plaintiffs. (Plaintiffs do not say what the investigation was about or when it began.) As part of the investigation,

police parked in front of plaintiff Barlass's business. Also in 2009, the police "responded to many false complaints that were made regarding plaintiffs" and began "harassing" plaintiffs. In 2010, Barlass filed a lawsuit against the City of Janesville and others in this court. Barlass v. Carpenter, 10-cv-454-slc.

On September 9, 2011, defendant Officer Robert Perkins, an officer with the Janesville police department, stopped plaintiff Toles and accused him of not having a valid license. Toles showed his license, but Perkins proceeded to have a K9 unit walk around Toles's car. Nearby, Toles's roommate was pulled over and questioned about her association with Toles. Perkins issued a citation against Toles that was later dismissed.

On November 14, 2011, defendant Officer Jimmy Holford, another officer with the Janesville police department, stopped plaintiff Toles while he was driving home a 16-year old girl who had been babysitting for Toles. Holford accused Toles of having an improper license and insurance. Holford talked to Toles in a derogatory and unprofessional manner. Holford asked the babysitter what she was "doing with David Toles" and then escorted the babysitter home.

DISCUSSION

Plaintiffs contend in their complaint that defendants took adverse actions against them in retaliation for plaintiff Toles's support of plaintiff Barlass both at the 2009 city council meeting and for Barlass's lawsuit against the City of Janesville. Additionally, plaintiffs contend that defendants harassed Toles because he is black. Thus, I understand plaintiffs to be raising retaliation claims under the First Amendment and an equal protection

3

claim under the Fourteenth Amendment.

To proceed with either a retaliation or equal protection claim, plaintiffs' complaint must satisfy the requirements of Fed. R. Civ. P. 8. Rule 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is rooted in fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir. 1994). Rule 8 also requires that the complaint contain enough allegations of fact to make a claim for relief plausible on its face. Iqbal, 556 U.S. at 678-79 (2009) (citing Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### A. Retaliation

To state a retaliation claim under § 1983, a plaintiff must plead sufficient facts to support an inference that (1) the plaintiff was engaged in constitutionally protected speech; (2) public officials took adverse actions against the plaintiff that would likely deter First Amendment activity in the future; and (3) the adverse actions were motivated at least in part as a response to the plaintiff's protected speech. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009); Mosely v. Board of Education of Chicago, 434 F.3d 527, 533 (7th Cir. 2006). Both plaintiffs have alleged facts satisfying the first factor of a retaliation claim. Plaintiff

4

Toles's vocal support of plaintiff at a city council meeting was protected speech, as was plaintiff Barlass's speech at the meeting and her subsequent lawsuit against the City of Janesville.

However, plaintiff Barlass's retaliation claim fails to satisfy the second factor. To the extent Barlass is premising her retaliation claim on the fact that defendants parked in front of her business in retaliation for her protected speech at the 2009 city council meeting, such a claim is barred by the doctrine of claim preclusion, which precludes litigants from raising claims that were or could have been litigated in an earlier lawsuit. Russian Media Group, LLC v. Cable America, Inc., 598 F.3d 302, 310 (7th Cir. 2010). In case number 10-cv-454-slc, Magistrate Judge Stephen Crocker granted summary judgment to defendant City of Janesville on Barlass's claim that the city increased the police presence at her business in retaliation for her speech at the city council meeting, concluding that Barlass had adduced no evidence to support a claim against the city. Dkt. #98 at 26, in 10-cv-454-slc (Nov. 28, 2011). The court of appeals affirmed the decision. Barlass v. City of Janesville, Wis., 11-3724, 2012 WL 1565089, *5 (7th Cir. May 4, 2012).

Besides the allegations about the police parking in front of her business, Barlass has alleged no facts about specific actions that defendants took against *her* that would likely deter her First Amendment activity in the future. Although Barlass alleges that defendants "investigated" and "harassed" her, those allegations are too vague to support a retaliation claim. Such allegations fail to satisfy Rule 8 and the requirements of Iqbal and Twombly because they provide no notice to defendants of their allegedly unlawful acts.

Plaintiff Toles has not alleged facts sufficient to satisfy the third factor of a retaliation

5

claim. He contends that defendants Perkins and Holford stopped him in his car, in part, because he spoke in support of Barlass at a city council meeting in 2009. However, he has alleged no facts connecting his speech at the 2009 meeting to Perkins's and Holford's actions nearly two years later. He does not allege that he made any statements at the council meeting regarding Perkins, Holford or the Janesville police department generally or that anything about his statements would motivate defendants to pull Toles over years later. In fact, Toles does not even allege that Holford or Perkins were at the 2009 meeting or knew about his support of Barlass.

Finally, there are no allegations that would support a retaliation claim against the City of Janesville by either plaintiff. Although a municipality may be sued for First Amendment violations, it may be sued only for its own wrongdoing. Thus, to state a claim against the city, plaintiffs must allege facts suggesting that the city had an express policy or widespread "custom" of retaliation or else that a city official with final decision making authority retaliated against them. Chortek v. City of Milwaukee, 356 F.3d 740, 748 (7th Cir. 2004); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). Plaintiffs' complaint contains no allegations suggesting that the City of Janesville had an unconstitutional policy of retaliating against people who spoke out at city council meetings or filed lawsuits against the city, or that Perkins or Holford had final decision making authority. Accordingly, I am dismissing plaintiffs' retaliation claims for failure to comply with Rule 8 and failure to state a claim upon which relief may be granted.

B. Equal Protection

Plaintiffs allege that defendants were motivated to harass plaintiff Toles and repeatedly pull him over both because he supported plaintiff Barlass and because he is black. I understand Toles to be asserting a claim that defendants violated his right to equal protection under the law by intentionally discriminating against him because of his race. T.E. v. Grindle, 599 F.3d 583, 588 (7th Cir. 2010) (plaintiff may establish violation of right to equal protection by showing that defendant intentionally discriminated against plaintiff because of plaintiff's membership in protected class). (Barlass does not allege that she is a member of a protected class or that defendants discriminated against her. Thus, I understand that she is not asserting an equal protection claim.)

The problem with plaintiff Toles's equal protection claim is that he has alleged nothing more than conclusory allegations to support his contention that defendants' actions were motivated by discriminatory intent when they stopped him and gave him citations. Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Although Toles states that defendants Perkins and Holford talked to Toles in a derogatory manner and "treated him like he was a drug dealer," Toles does not explain why this is evidence of racially discriminatory intent. Additionally, Toles states that Perkins and Holford stopped him only because he is black, but such a conclusory statement is not sufficient to state a claim against defendants. McReynolds v. Merrill Lynch & Co., 694 F.3d 873, 887 (7th Cir. 2012) ("Because the complaint contains only conclusory allegations that the retention program was adopted with intent to discriminate, it fails to state a claim upon which relief may be granted.").

Further, with respect to plaintiff Toles's equal protection claim against defendant City of Janesville, plaintiffs have alleged no facts suggesting that the city maintained a policy, custom or practice of intentional discrimination against a class of persons to which Toles belonged. McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) ("To state a Monell claim against the City for violation of [plaintiff's] right to equal protection, [plaintiff] was required to plead[] factual content that allows the court to draw the reasonable inference that the City maintained a policy, custom, or practice of intentional discrimination against a class of persons to which [plaintiff] belonged.") (internal quotations and citation omitted). In other words, plaintiffs have alleged no facts suggesting that the City of Janesville had a policy of repeatedly pulling over individuals who are black.

## C. Conclusion

When district courts dismiss a complaint for failing to state a claim, the general rule is to allow the plaintiff to file an amended complaint in an attempt to fix the deficiencies. Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008). Accordingly, I will dismiss the complaint without prejudice to plaintiffs filing an amended complaint that corrects the problems identified above. If plaintiffs choose to file an amended complaint, they should focus on replacing vague and conclusory statements with factual allegations that explain to the court and defendants (1) why plaintiffs believe that defendants' actions were taken in retaliation for plaintiffs' First Amendment activity; and (2) why plaintiffs believe defendants were motivated by racially discriminatory intent when they pulled over plaintiff Toles. Additionally, if plaintiffs intend to assert a claim against the City of Janesville, they must

8

include allegations explaining why they believe the city has a policy or custom of retaliation and discrimination. Finally, plaintiffs should omit all allegations about their personal history or contributions to the community that are irrelevant to their claims against defendants. These additional allegations simply distract the reader from the facts necessary to support plaintiffs' claims.

ORDER

IT IS ORDERED that plaintiff Janelle Barlass's and David Toles's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8. Plaintiffs may have until November 26, 2012, to file an amended complaint. If plaintiffs do not respond by that date, the clerk of court is directed to enter judgment in favor of defendants Officer Robert Perkins, Officer Jimmy Holford and City of Janesville and close this case.

Entered this 13th day of November, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge