IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID TOLES and JANELLE BARLASS,

                               Plaintiffs,

    v.

THE CITY OF JANESVILLE and
OFFICER JIMMY HOLFORD,

                               Defendants.[1]

ORDER

12-cv-677-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief, plaintiffs David Toles and Janelle Barlass contend that defendants Officer Jimmy Holford and the City of Janesville violated their constitutional rights by repeatedly harassing them in retaliation for their protected speech and because of Toles's race. In an order entered November 13, 2012, I dismissed plaintiffs' proposed complaint, concluding that they had failed to plead enough facts to state a plausible claim for relief under the First or Fourteenth Amendments, as required by Fed. R. Civ. P. 8 and discussed in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). With respect to plaintiffs' retaliation claims, plaintiff Barlass had not explained what adverse actions defendants took against her in retaliation for her protected speech, and plaintiff Toles had not alleged facts connecting the adverse actions

---

[1] In plaintiffs' original complaint, they named Officer Robert Perkins as a defendant. In their amended complaint, they state that they are no longer suing Perkins. I have amended the caption accordingly.

taken against him to any protected speech. With respect to plaintiff Toles's equal protection claim, Toles had alleged no facts that would allow the court to draw the inference that defendants had discriminated against him on the basis of his race. Additionally, plaintiffs' complaint contained no facts to sustain a claim against defendant City of Janesville on either a retaliation or equal protection theory.

Plaintiffs have filed two proposed amended complaints, dkt. ##10, 11, as well as a motion to submit additional evidence, dkt. #12. (Plaintiffs filed separate complaints against each defendant.) Because plaintiffs are proceeding under the in forma pauperis statute, I must screen their proposed amended complaints and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

After reviewing plaintiffs' proposed complaints, I conclude that plaintiffs cannot proceed on any of their claims. As with plaintiffs' original complaint, plaintiffs seek to proceed on a First Amendment retaliation claim against defendant City of Janesville based on allegations that various police officers harassed plaintiffs in retaliation for statements plaintiff Toles made in support of plaintiff Barlass after a dispute she had with the City. However, as I explained in the previous order dismissing plaintiffs' complaint, although a municipality may be sued for First Amendment violations, it may be sued only for its own wrongdoing. Thus, to state a claim against the city, plaintiffs must allege facts suggesting that the city had an express policy or widespread "custom" of retaliation or else that a city official with final decision making authority retaliated against them. Chortek v. City of

2

Milwaukee, 356 F.3d 740, 748 (7th Cir. 2004); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). In their original complaint, plaintiffs had included no allegations suggesting that the City of Janesville had an unconstitutional policy of retaliating against people who spoke out at city council meetings or filed lawsuits against the city, or that any individual who acted against plaintiffs had final decision making authority.

In their proposed amended complaint, plaintiffs do not allege any new facts that would support a claim against the City of Janesville. Instead, plaintiffs concede that "there was no express policy or widespread custom involved in the advised actions taken; [the] harass[ment] . . . and the motivation was purely based on the actions of each officer involved. . . ." Plt.'s Cpt., dkt. #10 at 3. Plaintiffs contend that the city should be held liable because it "is responsible for the actions of its officers employed under the color of law." Id.

Plaintiffs are incorrect. As I explained to plaintiff previously, there is no doctrine of "supervisory liability" under 1983. Monell, 436 U.S. at 694. Because plaintiffs concede that the city police officers who allegedly retaliated against plaintiffs were not acting pursuant under any policy, custom or direction of the city, plaintiffs cannot proceed on their claims against the city.

The only other claim included in plaintiffs' proposed amended complaints is plaintiff Toles's claim that defendant Officer Holford violated his right to equal protection when he stopped plaintiff in his vehicle, issued citations to him for having improper license plates and insurance and talked to him a derogatory manner. (Evidence attached to plaintiffs'

complaint shows that Toles' license plates did not match the vehicle he was driving.) Toles contends that Holford was intentionally discriminating against Toles because of his race.

In the previous order dismissing plaintiffs' complaint, I held that these allegations were insufficient to state a claim against defendant Holford for race discrimination. Plaintiff Toles had included nothing more than conclusory allegations to support his contention that defendant Holford's actions were motivated by discriminatory intent when he stopped plaintiff and gave him citations. Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Although Toles stated that defendant Holford talked to Toles in a derogatory and racist manner, Toles had not explained why he believed Holford's actions were racist. Simply talking to someone in a derogatory manner is not inherently racist. Additionally, Toles stated that Holford stopped him only because he is black, but such a conclusory statement is not sufficient to state a claim against defendants. McReynolds v. Merrill Lynch & Co., 694 F.3d 873, 887 (7th Cir. 2012) ("Because the complaint contains only conclusory allegations that the retention program was adopted with intent to discriminate, it fails to state a claim upon which relief may be granted."). Because plaintiffs failed to add any new allegations or explanations to their proposed amended complaint to support the claim against Holford, their proposed amended complaint fails to state a claim of discrimination against Holford. Therefore, I am dismissing the complaint in full and directing the clerk of court to close this case.

ORDER

IT IS ORDERED that plaintiff Janelle Barlass's and David Toles's complaint is DISMISSED for failure to state claim upon which relief may be granted. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 17th day of December, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge